UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CORY J. DUNN, et al.,

    Plaintiffs,

    v.

LUZERNE COUNTY CHILDREN &
YOUTH SERVICES, et al.,

    Defendants.

CIVIL ACTION NO. 3:25-CV-1746

(SAPORITO, J.)
(CAMONI, M.J.)

## ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Sean A. Camoni, in which he recommends that the *pro se* plaintiffs' amended complaint (Doc. 5) be dismissed with prejudice. (Doc. 9).

On September 26, 2025, the plaintiffs filed an amended complaint asserting six constitutional violations under 42 U.S.C. § 1983 against the defendants: (1) Fourteenth Amendment Due Process; (2) First Amendment Retaliation and Freedom of Association; (3) Fourth Amendment Unlawful Seizure; (4) Eighth Amendment Cruel and Unusual Punishment; (5) Fourteenth Amendment Equal Protection; and (6) *Monell* liability. (Doc. 5). The plaintiffs additionally requested

declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.*). On October 21, 2025, the Court screened the plaintiffs' amended complaint and found that it failed, for numerous reasons, to state a claim upon which relief may be granted. (Doc. 8).

First, the Court noted that the plaintiffs' claims ran afoul of the *Rooker-Feldman* doctrine. It explained that "[t]he *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication" because federal district courts are not empowered by law to sit as reviewing courts and reexamine state court decisions. (*Id.*, at 8) (quoting *Turner v. Crawford Square Apartments, III, LLP*, 449 F.3d 542, 547 (3d Cir. 2006)). Here, the Court found that the plaintiffs attempted to "nullify the outcome of a completed state court proceeding, a portion thereof, or any order of a state court by suing [Luzerne County Children & Youth Services] and its employees for the initiation of those proceedings." (*Id.*, at 7). Therefore, the Court explained that the doctrine prohibited the plaintiffs' requests and deprived the Court of jurisdiction over the plaintiffs' claims. (*Id.*, at 10).

Moreover, the Court also found that the plaintiffs claims were

barred by the statute of limitations. The Court noted that Pennsylvania law provides for a two-year statute of limitations, 42 Pa. Cons. Stat. Ann. § 5524, and that the plaintiffs' claims were based on events occurring in 2016 and 2017, more than seven years before the initiation of the action. Therefore, because the plaintiffs failed to allege any facts within the necessary two-year period, the Court found that the plaintiffs' § 1983 claims were barred. (Doc. 8, at 12).

The Court also found that the defendants may be "entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings." (*Id.*, at 13) (quoting *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 495 (3d Cir. 1997)); *see also Billups v. Penn State Milton S. Hershey Med. Ctr.*, 910 F. Supp. 2d 745, 765 (M.D. Pa. 2012) ("This immunity extends to the formulation and presentation of recommendations to the court in the court of such proceedings."). It noted that the plaintiffs challenged the "initial false allegations and coercion on December 16–17, 2026" and "[s]ubsequent actions" concerning their state proceedings. (*Id.*) (citing (Doc. 5, at 12)). The Court explained that these actions, however, fell within those that are entitled to absolute immunity.

Finally, the Court found that each of the plaintiffs' allegations of constitutional violations failed to state a claim based on the merits of those claims. It stated that the plaintiffs failed to articulate what constitutional rights were violated and how they were violated, and moreover failed to substantiate each claim with enough factual allegations to sustain that claim.

Nonetheless, based on the plaintiffs' status as *pro se* litigants, the Court allowed the plaintiffs the opportunity to correct the deficiencies identified in the amended complaint and directed the plaintiffs to file a corrected second amended complaint on or before November 7, 2025. (*Id.*, at 24–25). It noted that if the plaintiffs failed to file a second amended complaint by that date, the case may be dismissed. (*Id.*). The plaintiffs, however, have failed to file a second amended complaint. Therefore, Judge Camoni recommends that the plaintiffs' amended complaint be dismissed with prejudice. (Doc. 9, at 24).

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

- 4 -

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Camoni's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.     The report and recommendation of Judge Camoni (Doc. 9) is **ADOPTED** in its entirety;

2.     The plaintiffs' amended complaint (Doc. 5) is **DISMISSED with prejudice**; and

3.     The Clerk of Court shall close the case.

Dated: June 18, 2026                     *s/Joseph F. Saporito, Jr.*
                                          JOSEPH F. SAPORITO, JR.
                                          United States District Judge